COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Felton
Argued at Richmond, Virginia


JEROME LECORY MONTAGUE
                                           OPINION BY
v.    Record No. 1769-02-2          JUDGE ROBERT P. FRANK
                                            MAY 6, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Thomas N. Nance, Judge

            Craig W. Stallard, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Eugene Murphy, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Jerome L. Montague (appellant) was convicted in a bench trial

of unauthorized use of an automobile, in violation of Code

§ 18.2-102.  On appeal, he argues the trial court erred in finding

the evidence was sufficient to convict.  Specifically, he contends

the evidence did not prove he knew the vehicle was stolen and the

evidence did not prove the vehicle operated by appellant was the

same vehicle that was reported stolen.  For the reasons stated

below, we affirm the judgment of the trial court.

                            BACKGROUND

     On January 1, 2002, Beverly Baker went out to warm up her

1999 Chevy Malibu, license number VEN2003, before driving to

work.  She returned to the house, leaving the key in the

ignition of the car.  When she came back outside, the Malibu was gone.  She recovered the car from a police lot around January 10, 2002.

On January 10, 2002, Officer Brian K. Miller of the Richmond Police Department was operating stationary radar on Hull Street.  He observed appellant driving twenty-two miles over the speed limit.  Officer Miller stopped appellant's car.

When the officer approached, appellant "exited the vehicle" and ran.  Officer Miller caught appellant and arrested him.  Officer Miller testified that the key was in the ignition, the steering column was not damaged, and no windows were damaged.  Officer Miller testified the license plate on the 1999 Chevy Malibu driven by appellant was VN2003.[1]

Appellant testified he ran from the police when he was stopped because "[his] license was suspended" and he knew he could go to jail for driving with a suspended license.  He testified he had rented the car from a friend, Brandon Adams, for $40, so he could attend a job interview at Lucky's Convenience Store.  Appellant claimed he picked up the car at

_____

[1] While the appendix indicates the license number was VN2003, not VEN2003 as Baker indicated, defense counsel, in closing, conceded the license number of the stolen vehicle and of the vehicle appellant was driving was the same.

-

Adams's house that morning.[2]  He then "went to the job interview, and [he] was going back home, and [he] got pulled in the car."

Appellant could not describe how to get to Lucky's, except that it was off Broad Street and Mechanicsville Turnpike, on the "northside."[3]  Appellant also had difficulty explaining where Adams lived.  He claimed he was hired by Steve, the manager of the store, and worked at Lucky's for two days to a week after he was bonded out of jail, until he was arrested on an unrelated charge.

Appellant testified that Adams said the car belonged to his aunt.  Appellant saw Adams drive the car "the whole week" prior to January 10.  In addition, he testified the vehicle was not damaged and did not look like it was stolen.

The trial court considered appellant's explanation of his possession of the stolen vehicle and rejected his testimony.  The trial court said:

> I find him guilty of unauthorized use.  I
> don't believe a thing your client has said,
> by the way.  He just knows what is
> convenient, and he has absolutely no
> recollection about his job interview, what
> part of the city it was in, doesn't know
> anything about his friend, or anybody else,
> or anything.  I wouldn't believe him if he
> told me it was daylight.

_____

[2] Appellant testified he lived in the Fulton Hill area of Richmond, on Williamsburg Road.  He claimed Adams's home was in "southside . . . off of Hull Street."

[3] The trial court noted, without objection, "There isn't any such place, as I know of."

-

ANALYSIS

When considering sufficiency issues, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). In such appeals, we must "look to that evidence which tends to support the verdict." Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). See also Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986).

Appellant argues the evidence did not prove he "was aware that the vehicle had been stolen." Without such proof, he contends, he could not be convicted of using the car without the owner's consent. He claims he believed the car belonged to his

-

friend's aunt and that he had legitimate authorization to use the vehicle. However, the evidence belies his contention.[4]

This Court, in Overstreet v. Commonwealth, discussed the elements of Code § 18.2-102:

> a conviction of unauthorized use of a vehicle requires proof of use without the consent of the owner with intent to deprive the owner of possession temporarily, but without intent to steal. Reese v. Commonwealth, 230 Va. 172, 174, 335 S.E.2d 266, 267 (1985). "The main difference between common law larceny and the statutory offense of unauthorized use is that in the former there must be an intent to deprive the owner of his property permanently, while in the latter the intent is to deprive the owner of possession of his automobile temporarily and without any intent to steal the same. The intent with which property is taken determines the offense." Slater v. Commonwealth, 179 Va. 264, 267, 18 S.E.2d 909, 910-11 (1942). Common law larceny, and its statutory lesser included offenses, require a trespassory taking. Maye v. Commonwealth, 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972).

17 Va. App. 234, 236, 435 S.E.2d 906, 907 (1993). To prove unauthorized use, therefore, the Commonwealth needs to show a defendant knew he was not authorized to use the vehicle. This element can be proved by circumstantial evidence, such as evidence

---

[4] At oral argument, appellant seemed to argue that, based on the evidence, the trial court improperly reduced the larceny charge to unauthorized use. "[A]lthough the evidence may tend to prove only the offense charged in the indictment, the finder of fact may nevertheless convict of a lesser offense." Hewitt v. Commonwealth, 213 Va. 605, 606, 194 S.E.2d 893, 893 (1973). It is without dispute that unauthorized use is a lesser-included offense of larceny. Id.

-

of a defendant's recent, unexplained possession of a stolen vehicle.

> It is well established that "once the [larceny] is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987); see also Castle v. Commonwealth, 196 Va. 222, 226-27, 83 S.E.2d 360, 363 (1954). For the "larceny inference" to arise, the Commonwealth must establish that the accused was in exclusive possession of recently stolen property. See Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981).

Winston v. Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998). This inference from the recent, unexplained, possession of stolen property may, by itself, support a conviction of larceny. See Bright, 4 Va. App. at 251, 356 S.E.2d at 444.

"'Not only is the evidence of possession relevant in cases of larceny, but in other cases also . . . .'" Stapleton v. Commonwealth, 140 Va. 475, 488, 124 S.E. 237, 241 (1924) (quoting 2 Bish. New Cr. Prac. (2d ed.), § 959). See also Fout v. Commonwealth, 199 Va. 184, 191, 98 S.E.2d 817, 822-23 (1957) (discussing burglary and the recent possession presumption). As recent, exclusive possession of a stolen item provides circumstantial evidence of a defendant's guilty knowledge that an item was stolen, Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951), such evidence is relevant to prove the "use [was] without the consent of the owner," Overstreet, 17

-

Va. App. at 236, 435 S.E.2d at 907, in prosecutions under Code § 18.2-102. We, therefore, hold the presumption applies in prosecutions under Code § 18.2-102.[5]

Here, appellant concedes he was found in exclusive possession of the recently stolen vehicle. However, he argues he negated the presumption because he provided a "reasonable account" of his possession. However, the fact finder was "'not obliged to accept'" appellant's explanation as reasonable. Roberts v. Commonwealth, 230 Va. 264, 272, 337 S.E.2d 255, 260 (1985) (quoting Westcott v. Commonwealth, 216 Va. 123, 127, 216 S.E.2d 60, 64 (1975)). See also Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732 (credibility determinations are within the discretion of the fact finder).

Here, the trial court clearly rejected appellant's explanation and found appellant lied during his testimony. Therefore, the fact finder could rely on evidence of appellant's "unexplained," recent possession of the stolen car as proof of his unauthorized use. Whether the recent possession was sufficient to find a defendant guilty of the larceny-related offense is within the province of the fact finder. See Myers v. Commonwealth, 132 Va. 746, 760, 111 S.E. 463, 468 (1922). As the trial court's finding is supported by evidence in the

---

[5] Appellant conceded at oral argument that the presumption applies to prosecutions under Code § 18.2-102.

-

record, we will not overturn that finding on appeal. Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Appellant also contends the evidence was not sufficient to prove the vehicle he drove was the same vehicle owned by and stolen from Baker. He argues Baker never identified the stolen vehicle as hers, and the license numbers identified by Baker and the officer were different.

At trial, appellant's counsel conceded the license numbers were the same. The argument on appeal, therefore, is inconsistent with his position at trial. "The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979). "No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate -- to invite error, as [appellant] admittedly did here, and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

Further, although the owner did not identify the car as hers, the Commonwealth relied on circumstantial evidence to prove it was the same car. Baker testified she received her stolen 1999 Chevy Malibu from the police approximately ten days after the theft. The police impounded the 1999 Chevy Malibu driven by appellant ten days after the theft. The license plates were the same. "Circumstantial evidence is as competent

-

and is entitled to as much weight as direct evidence, provided it is sufficiently convincing." Stamper v. Commonwealth, 220 Va. 260, 272, 257 S.E.2d 808, 817 (1979). "Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence." Welshman v. Commonwealth, 28 Va. App. 20, 36, 502 S.E.2d 122, 130 (1998) (en banc). The evidence here was sufficient to find appellant was driving Baker's stolen car and to exclude every reasonable hypothesis that appellant drove a different car.

CONCLUSION

The evidence supports the trial court's finding of guilt. We, therefore, affirm appellant's conviction.

Affirmed.

-