COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


REGINAL N. RODGERS, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 1195-06-1              JUDGE RUDOLPH BUMGARDNER, III
                                            MARCH 20, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Joseph A. Sadighian, Special Assistant Appellate Defender (Office
of the Appellate Defender, on briefs), for appellant.

Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Reginal N. Rodgers, Jr. appeals his conviction of grand larceny of a motor vehicle. He

contends that the only evidence of ownership of the vehicle was inadmissible hearsay evidence

and thus the evidence was insufficient. Finding no error, we affirm.

Janet Ford owned a white 2001 Ford Explorer, which she lent to her son, Phillip. He

parked it overnight on a street, and when he returned the next morning, it was gone. Phillip

found the car, but as he was leaving to get a spare key, he saw three men get in the car and drive

away.

Later, while Officer B.M. Reid was investigating drug activity in a parking lot, she

noticed a 2001 white Ford Explorer with license number JGG 8623. Reid testified: "The vehicle

had been reported the day prior stolen. I ran the tags to confirm that that was, in fact, the vehicle

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that was reported stolen the day prior and it came back that it was." The Commonwealth then asked: "And did you determine who the owner of the vehicle was?"

Q: Yes, ma'am.

Q: Who was that?

A: Janet Ford.

The defendant objected: "Judge, I would object, hearsay," and the trial court summarily ruled: "Overruled." The officer completed her testimony stating the defendant was in the driver's seat with the engine running, and she arrested the defendant as soon as additional officers arrived.

The defendant maintains the testimony that the vehicle had been stolen and that Janet Ford was the owner came from information the officer received over her computer or from the dispatcher. Thus, he asserts the only evidence of ownership was unreliable hearsay testimony.

The question to which the defendant objected did not call for hearsay. "'Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'" Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977) (quoting McCormick on Evidence § 246, at 584 (2d ed. 1972)).

The Commonwealth's attorney asked the arresting officer for the results of her investigation. The question called for the conclusion the officer reached as a result of her investigation. It did not call for her to repeat a statement made to her by some other declarant, and her answer did not rest on the credibility of someone other than the witness. It was a statement of the result of the investigation made by the person conducting the investigation. Since the question did not call for objectionable matter and its answer did not state an assertion

of an out-of-court declarant, the trial court properly overruled the objection that the defendant made.

The defendant also contends the evidence was insufficient to prove he stole Janet Ford's 2001 Ford Explorer. The day after Janet Ford's vehicle was stolen, the defendant was in the driver's seat with the motor running. "[O]nce the crime is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). For the larceny inference to arise, the Commonwealth must prove that the accused was in exclusive possession of the recently stolen property. Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981). "This inference from the recent, unexplained, possession of stolen property may, by itself, support a conviction of larceny." Montague v. Commonwealth, 40 Va. App. 430, 437, 579 S.E.2d 667, 670 (2003).

The defendant's unexplained recent possession of the stolen vehicle was sufficient to prove him guilty of the grand larceny of it. Accordingly, we affirm.

Affirmed.