COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia


ROBERT ROBERTSON, JR., S/K/A
 ROBERT WINSTON ROBERTSON, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2564-08-2                       JUDGE ROBERT P. FRANK
                                                        FEBRUARY 23, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                          Samuel E. Campbell, Judge

            Richard R. Fuller, Jr. (Law Office of Richard R. Fuller, Jr., on brief),
            for appellant.

            Donald E. Jeffrey, III, Senior Assistant Attorney General (William C.
            Mims, Attorney General, on brief), for appellee.


        Robert Winston Robertson, Jr., appellant, was convicted, in a bench trial, of misdemeanor

sexual battery, in violation of Code § 18.2-67.4, and feloniously taking indecent liberties with a

minor, in violation of Code § 18.2-370.  On appeal, he challenges the sufficiency of the evidence as

to each conviction.  For the reasons stated, we affirm the trial court.

                                       ANALYSIS

        Appellant first challenges the sufficiency of his conviction for misdemeanor sexual battery.

Originally, appellant was charged with aggravated sexual battery, a felony in violation of

Code § 18.2-67.3.  At the close of the Commonwealth's evidence, appellant moved to strike the

evidence based upon the Commonwealth's failure to prove that the sexual contact between

appellant and the victim was done by force, threats or intimidation.  The trial court considered

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reducing the felony charge to a misdemeanor, concluding that the touching was consensual and was without intimidation. The court withheld judgment until appellant presented his evidence.

Appellant then presented his evidence. In renewing his motion to strike, appellant argued credibility, and noted that the Commonwealth did not prove appellant acted with force, threats or intimidation. The trial court concluded, "without making a formal ruling, but making opinion, I think both were consenting, involved in this situation." The court then reduced the felony charge to misdemeanor sexual battery. Appellant questioned whether misdemeanor sexual battery is a lesser-included offense of aggravated sexual battery, and stated, "obviously, we'd prefer not to have a felony. I won't object to the [Code § 18.2-]67.4." Appellant then stated, "So I don't know if I would have a right to object. But just in case, I'd object for the record and be allowed just to give me time to look at it. I think it is considered a lesser included." Appellant never argued that he could not be convicted of sexual battery since the trial court had already ruled the act was not committed against the victim's will by use of force or intimidation.

On brief, appellant argues that the Commonwealth failed to prove appellant acted with force, threats or intimidation. Even when the trial court reduced the offense to a misdemeanor, he reasons, the Commonwealth still must prove force, threats or intimidation. However, this argument is waived pursuant to Rule 5A:18.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Thus, we will not consider a claim of trial court error as a ground for reversal "where no timely objection was made." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998).

"[A] litigant must object to a ruling of the circuit court if that litigant desires to challenge the ruling on appeal." Commonwealth v. Washington, 263 Va. 298, 304, 559 S.E.2d 636, 639

(2002). The purpose of the rule is to ensure that any perceived error by the trial court is "promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. . . . Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal." Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989).

While appellant argued there was no evidence that he used force, threats or intimidation as to the aggravated sexual battery charge, he never put the trial court on notice that the same elements are required for a misdemeanor sexual battery conviction. Nor did appellant put the trial court on notice that he objected to the misdemeanor offense on any legal basis other than he was not certain that it was a lesser-included offense of the felony. Therefore, we conclude the issue of sufficiency of the evidence as to the sexual battery conviction is waived and not subject to our review.

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider such an argument *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Appellant next argues that the evidence was insufficient to sustain his conviction for feloniously taking indecent liberties with a minor. Appellant reasons that because no words were exchanged, appellant did not "propose" anything.[1] However, appellant ignores subsection

---

[1] Code § 18.2-370 provides in relevant part:

(A) Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony:

(A)(1) of Code § 18.2-370 which proscribes a person from exposing his genitals to another with lascivious intent. Appellant violated this provision. While people generally are naked in community showers exposing their genitals, in this case appellant did so with lascivious intent, exposing his erect penis while fondling himself.

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw

(1) Expose his or her sexual or genital parts to any child to whom such person is not legally married or propose that any such child expose his or her sexual or genital parts to such person; or

(2) [Repealed.]

(3) Propose that any such child feel or fondle the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child; or

(4) Propose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361; or

(5) Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any of the purposes set forth in the preceding subdivisions of this section.

reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

The Commonwealth's evidence proved that the victim was fourteen years old at the time of the offense. He had been using the facilities at the Hopewell Community Center and was taking an open shower in a room that contained seven showerheads. Appellant, naked, was already in the shower area when the victim entered. Victim, who was wearing a pair of shorts, had been showering for five to seven minutes when he noticed appellant gave him a "cold stare." Appellant cleared his throat on several occasions, and the victim observed him fondling himself. When victim did not respond to appellant in any way, appellant approached victim with an erection. The victim then touched appellant's erect penis. At that time, a lifeguard entered the shower and appellant moved away from victim.

The lifeguard testified that when he walked in the shower he saw the "boy fondling the man." He observed that the man was naked, with an erection, and the boy was wearing swimming trunks. The lifeguard immediately notified his superior.

Appellant testified that the victim approached him and began rubbing against appellant. The trial court concluded that a touching occurred and "that at that point there was sexual conduct that shouldn't happen with a youngster, period." He further found it "incredible" that appellant was not a willing participant, considering the state of his arousal as corroborated by the lifeguard's testimony.

The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of

fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). See generally Montague v. Commonwealth, 40 Va. App. 430, 436, 579 S.E.2d 667, 669 (2003) (noting that a factfinder need not decide between rejecting or accepting a witness' testimony in full, but may find it credible in part and incredible in part).

The trial court concluded that appellant's erect penis, a fact corroborated by the lifeguard, was a "convincing part of the evidence." The court opined that appellant's state of arousal proved that something was not "going on that he [did not] want to happen." The victim's testimony clearly shows that appellant exposed himself to the victim in a sexual manner and that the victim touched appellant's erect penis in violation of Code § 18.2-370.[2] We find credible evidence in the record to support the trial court's finding and, accordingly, appellant's conviction for taking indecent liberties with a minor is affirmed.

## CONCLUSION

For the foregoing reasons, appellant's convictions for misdemeanor sexual battery and feloniously taking indecent liberties with a minor are affirmed.

Affirmed.

---

[2] Code § 18.2-370 does not require the act be against the victim's will by force, threats or intimidation.