UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Lorish and Callins
Argued at Richmond, Virginia


JONATHAN ROSS HAWKER

                                                      MEMORANDUM OPINION* BY
v.        Record No. 0112-21-2                         JUDGE GLEN A. HUFF
                                                          MARCH 15, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Kimberley S. White, Judge

(Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
appellant.  Appellant submitting on brief.

Robin M. Nagel, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


Jonathan Ross Hawker ("appellant") was convicted of grand larceny, in violation of Code

§ 18.2-95, in the Circuit Court of Halifax County (the "trial court").  Appellant challenges the

sufficiency of the evidence to prove that he was the criminal agent who committed the theft.  For

the following reasons, this Court affirms his conviction.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Gerald v. Commonwealth*,

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).  In doing so,

this Court discards any of appellant's conflicting evidence and regards as true all credible evidence

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

Appellant approached Ronnie Waller twice in 2019 and asked to purchase a large sign that hung on an outbuilding on Waller's property. The sign was red, white, and blue, with the word "AMERICAN" in all capital lettering and blue type. During the first visit, appellant offered Waller $400, but Waller declined, stating that the sign had sentimental value and he did not want to sell it. Appellant offered Waller $700 during the second visit several months later; Waller declined again. On August 22, 2019, Waller noticed the sign was missing and called the police. When the sign went missing, it had specific but minimal damage.

Appellant's ex-girlfriend, Tricia Davis, owned a business on Facebook Marketplace selling antique signs, cars, gas pumps, and other items from the 1950s. Appellant and Davis sometimes posted each other's items for sale. In August 2019, appellant gave Davis a sign that matched the description of Waller's missing sign and asked her to sell it on Facebook because he was not receiving any offers. Appellant initially told Davis that he bought it from a person in Virginia but later claimed that he found it at a property where he worked and the owner paid him for his work with the sign. Davis cleaned away some of the rust on the sign and sold it for $1,300. She previously had sold three similarly colored signs.

Waller contacted Halifax County Investigator Burton on August 23, 2019, after Waller's brother saw Davis's Facebook Marketplace posting of the sign. Investigator Burton obtained a search warrant for appellant's Facebook account and found a private conversation from August 22, 2019, where appellant sent a photo of the sign to someone for a potential sale, stating he found the sign under a barn.

Investigator Burton spoke to Davis on the phone. Appellant was with Davis during the phone call, but Investigator Burton did not know appellant could hear the conversation. When

Investigator Burton asked Davis about the sign she had for sale, appellant hung up Davis's phone and told her that it is a detective's job to lie to get the information that they want. Appellant stated that he did not do anything wrong or take anything and the sign could have been one that Davis had previously sold.

Davis returned Investigator Burton's call and spoke with him for about a minute before appellant grabbed Davis's phone and hung up again. Appellant was frantic and pacing the floor. Davis called Investigator Burton a third time, explained that she was having signal issues, and told him to "just do what you got to do" because she was aggravated, confused, and overwhelmed. Appellant reiterated to Davis that he had nothing to do with the situation, could not believe what was happening, and did not want to get in trouble for something that he did not do. Appellant also told Davis that Investigator Burton was talking about a sign she had purchased in Tennessee, not the sign he gave her. Davis later identified the sign reported as stolen as the sign appellant gave to her, not the sign from Tennessee.

At trial, appellant moved to strike the Commonwealth's evidence, arguing that no one saw appellant take the sign and Davis's testimony was not credible. The trial court denied the motion. Appellant denied stealing Waller's sign and testified that he never went to Waller's property in 2019; instead, he asserted that he had asked Waller about the sign once in 2016. Appellant stated that Davis sent photos of the sign to him and asked him to contact people to find a seller. Appellant claimed that his statement that he found the sign under a barn was a joke. He denied being present or hanging up Davis's phone while she was talking with Investigator Burton and stated that he was not aware of such a conversation. He further denied giving the sign to Davis or "ever lay[ing] hands on it." Appellant had two prior petit larceny convictions from 2016 but did not truthfully testify about his criminal history.

At the close of all the evidence, appellant renewed his motion to strike, arguing that Davis was not a credible witness. The trial court denied the renewed motion, convicted appellant of grand larceny, and sentenced him to ten years' imprisonment with nine years and nine months suspended. The trial court found that Davis was credible and appellant's testimony was incredible. This appeal follows.

ANALYSIS

Appellant contends that the evidence was insufficient to sustain his conviction because it failed to prove that he was the criminal agent. Appellant argues that the trial court erred in "not crediting his compelling testimony" because he offered "reasonable explanations" about his comments and the Commonwealth's "only evidence" as to his identity as the criminal agent was that he gave the sign to Davis.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). Instead, we ask "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Rams v. Commonwealth*, 70 Va. App. 12, 26-27 (2019) (quoting *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald*, 295 Va. at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). In addition, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal [his] guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011).

Here, the evidence was sufficient to prove that appellant stole Waller's sign. First, appellant had a motive to steal the sign: he had approached Waller twice in 2019 and asked to buy it, but Waller rejected both offers. Although the Commonwealth need not prove motive to sustain a conviction, it is nevertheless relevant to establishing guilt, especially when "a conviction is based on circumstantial evidence." *Tibbs v. Commonwealth*, 31 Va. App. 687, 704 (2000) (citing *Smith v. Commonwealth*, 220 Va. 696, 702 (1980)).

Second, once the Commonwealth proves the accused's "exclusive possession of recently stolen property," that "unexplained possession of recently stolen goods permits an inference of larceny by the possessor." *Winston v. Commonwealth*, 26 Va. App. 746, 757 (1998) (first citing *Best v. Commonwealth*, 222 Va. 387, 389 (1981); and then quoting *Bright v. Commonwealth*, 4

Va. App. 248, 251 (1987)). That "inference from the recent, unexplained, possession of stolen property may, by itself, support a conviction of larceny." *Montague v. Commonwealth*, 40 Va. App. 430, 437 (2003) (citing *Bright*, 4 Va. App. at 251). Indeed, "[p]ossession of goods recently stolen is *prima facie* evidence of guilt of the crime of larceny[] and throws upon the accused the burden of accounting for that possession." *Hope v. Commonwealth*, 10 Va. App. 381, 385 (1990) (*en banc*) (quoting *Fout v. Commonwealth*, 199 Va. 184, 190 (1957)).

In this case, Waller realized that the sign was missing from his property on August 22, 2019. That same day, appellant tried to sell the sign in a private Facebook conversation. Additionally, Davis testified that appellant gave her the sign in August 2019 and asked her to post it on Facebook for him. Thus, the evidence demonstrated that appellant exclusively possessed the sign the same day it was stolen from Waller's property, permitting the inference that he was the thief. *See Montague*, 40 Va. App. at 437-38 (applying the larceny inference when the defendant was found driving a car the same day that its owner discovered it "was gone").

Notwithstanding the above evidence of guilt, appellant argues that the trial court erred in "not crediting his compelling testimony" that (1) he did not steal the sign, (2) Davis sent photos of the sign to him and asked him to contact people to find a seller, (3) he was not present when Davis spoke to Investigator Burton over the phone, and (4) he was joking when he said he found the sign under a barn. The trial court, however, was not obligated to accept appellant's testimony or explanations. *Id.* at 438 (citing *Roberts v. Commonwealth*, 230 Va. 264, 272 (1985)). Indeed, the above testimony was contradicted by the balance of the evidence, including appellant's initial claim that he bought the sign from someone in Virginia and that it was given as payment for work he performed at a property. As the factfinder, "the trial court was at liberty to discount [appellant's] self-serving statements as little more than lying to conceal his guilt . . . , and could treat such

prevarications as affirmative evidence of guilt." *Coleman v. Commonwealth*, 52 Va. App. 19, 25 (2008) (internal quotation marks and citations omitted).

Finally, "it is universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and *related conduct* are admissible as evidence of consciousness of guilt, and thus of guilt itself." *Palmer v. Commonwealth*, 14 Va. App. 346, 348-49 (1992) (emphasis added) (quoting *Langhorne v. Commonwealth*, 13 Va. App. 97, 102 (1991)). Such evidence "may be considered as evidence of guilt along with other pertinent facts and circumstances." *Hope*, 10 Va. App. at 386 (citing *Bowie v. Commonwealth*, 184 Va. 381, 392 (1945)). Here, appellant twice hung up Davis's phone when she was talking to Investigator Burton and asserted that the sign she posted could have been one she had previously sold. After those calls, appellant was frantic and pacing the floor. A rational factfinder could interpret appellant's actions as evasive behavior evincing a consciousness of guilt.

In sum, appellant's motive to steal the sign, exclusive possession of the sign the same day it was stolen, evasive behavior, and incredible explanations overwhelmingly support the trial court's conclusion that he was the criminal agent. Thus, the Commonwealth's evidence was competent, not inherently incredible, and sufficient to sustain appellant's conviction for grand larceny. Accordingly, this Court affirms the trial court's judgment.

*Affirmed.*