COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


SHAWN LAMONT LUNSFORD

                                                    OPINION BY
v.       Record No. 2383-08-1          CHIEF JUDGE WALTER S. FELTON, JR.
                                                    OCTOBER 13, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Ben Pavek (Office of the Public Defender, on briefs), for appellant.

Erin M. Kulpa, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Following a bench trial, Shawn Lamont Lunsford ("appellant") was convicted of breaking

and entering in violation of Code § 18.2-91 and grand larceny in violation of Code § 18.2-95.  He

contends the trial court erred in finding the evidence sufficient to prove that he committed either

offense.  For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

On appeal, "[w]here the issue is whether the evidence is sufficient, we view the evidence

in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom."  Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731

(1995).  "The judgment of the trial court is presumed to be correct and will be reversed only upon a

showing that it is 'plainly wrong or without evidence to support it.'"  Viney v. Commonwealth, 269

Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680).  "The credibility of the

witnesses and the weight accorded the evidence are matters solely for the fact finder who has the

opportunity to see and hear that evidence as it is presented." Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732.

The evidence at trial proved that on January 30, 2008, police responded to a series of burglaries that occurred in the apartment complex where the victim lived. A window of the victim's apartment had been pried open and his apartment "ransacked." When the victim returned home later that day,[1] he reported that his Epiphone guitar and 30-inch Samsung high-definition television, as well as several other items, were missing from his apartment.[2]

Laura Epstein, an employee of the Best Loan Company, testified that on January 28, 2008, appellant sold an Epiphone guitar to that business. She testified she personally conducted that transaction with appellant whom she recognized from prior visits. She stated that when the Best Loan Company purchases an item, the seller is required to present a picture identification and to sign a purchase agreement acknowledging ownership of the item being sold. She further stated that the purchase agreement records the seller's full name and "all the information from the merchandise, . . . its make, model, serial and description." The purchase agreement for the Epiphone guitar, which appellant signed in Epstein's presence, was admitted into evidence. In addition to the guitar's brand name, Epiphone, that purchase agreement showed the number, "F500288."

At trial, the victim identified the shipping box in which he received the Epiphone guitar, with its original shipping label still affixed. The victim testified that "[t]his is the shipping card for the guitar. I purchased it. . . . That is the serial number for the guitar." The trial court admitted the shipping label into evidence, which showed, in part, "SERIAL #: F500288."

---

[1] The victim left his apartment on January 18, 2008 and returned on January 30, 2008.

[2] These items were never recovered. The Epiphone guitar was valued at $650 and the Samsung television at $632.

The victim also testified that the serial number of the Samsung television missing from his apartment was "AG2K3CAL901944K." He stated that when he purchased the television, he registered its serial number on Samsung's website for warranty purposes. Later, at the investigating officer's request, he retrieved that serial number from Samsung's website using his password to access that website. That serial number is identical to written information shown on the Best Loan Company purchase agreement for its purchase of a Samsung television from appellant on January 31, 2008.

ANALYSIS

Appellant argued in his brief on appeal, and at oral argument, that the trial court erred in admitting the stolen items' serial numbers into evidence, asserting that those numbers were inadmissible hearsay. However, the question presented in appellant's petition for appeal on which this Court granted his appeal, as well as in his opening brief, was: "Has the Commonwealth established that the appellant was in recent possession of the stolen property, in that has the evidence proven that the items that were pawned were in fact pawned by the appellant, or that they were the same items that were taken from the victim?" Appellant's question presented challenges the sufficiency of the evidence at trial, not the admissibility of that evidence. See Banks v. Mario Indus., 274 Va. 438, 455, 650 S.E.2d 687, 696 (2007) ("admissibility of evidence and the sufficiency of evidence are distinct issues"). Rule 5A:12(c) provides, "Only questions presented in the petition for appeal will be noticed by the Court of Appeals."

Appellant, in essence, asks this Court to accept his argument that the serial numbers for the items stolen were inadmissible hearsay, and asks that we then consider the sufficiency of the evidence to convict absent that evidence. When determining the sufficiency of the evidence, we consider all admitted evidence, including the evidence appellant here asserts was inadmissible. See Sprouse v. Commonwealth, 53 Va. App. 488, 493, 673 S.E.2d 481, 483 (2009). Because

- 3 -

appellant framed his question as one of sufficiency of the evidence, and not one of admissibility of the victim's testimony regarding the serial numbers of his missing guitar and television, we consider only whether a rational fact finder could determine beyond a reasonable doubt from the evidence presented that appellant broke into the victim's apartment and stole his guitar and television.

Appellant does not contest that the victim's home was broken into, that the victim's Epiphone guitar and Samsung television were stolen from his apartment, and that he sold an Epiphone guitar to the Best Loan Company. He argues, however, that the evidence presented at trial was not sufficient to prove that the Epiphone guitar he sold to the Best Loan Company was the same guitar stolen from the victim and that it was not sufficient to establish that he sold a Samsung television to the Best Loan Company. He also argues that the evidence was not sufficient to prove he broke into the victim's apartment.

Our Supreme Court has previously held that

> "upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as part of the same transaction, the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."

Cannady v. Commonwealth, 210 Va. 533, 535, 172 S.E.2d 780, 781 (1970) (quoting Sullivan v. Commonwealth, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969)).

The trial court reasonably concluded from the evidence that the items stolen and those appellant sold to the Best Loan Company were the same items. See id.; see also Foster v. Commonwealth, 38 Va. App. 549, 554, 567 S.E.2d 547, 549 (2002) ("inferences to be drawn from proven facts are matters to be determined by the fact finder"). Epstein, an employee of the Best Loan Company, was familiar with appellant because of his previous transactions there. The

- 4 -

Best Loan Company required a picture identification prior to purchasing property from a customer. The purchase agreements issued for the purchase of the guitar and television listed the serial numbers of the items purchased. The number on the shipping label affixed to the box in which the victim received his Epiphone guitar was identical to the number recorded on the purchase agreement prepared by the Best Loan Company when appellant sold an Epiphone guitar to it. The serial number on the Best Loan Company purchase agreement, recorded from the Samsung television sold by appellant just days after he sold the stolen guitar, was identical to the serial number that the victim obtained directly from the password protected Samsung website on which he registered the television's serial number when he purchased it.

From the record on appeal, we conclude the trial court did not err in finding that the evidence was sufficient to convict appellant of breaking and entering the victim's apartment and grand larceny of a guitar and television from that apartment.

For the foregoing reasons, we affirm appellant's convictions.

<u>Affirmed.</u>