COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


TAWANA SIMMONS TERRY

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2988-08-2                          JUDGE ROBERT J. HUMPHREYS
                                                        MAY 25, 2010

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                                  Thomas V. Warren, Judge

           Brian S. Foreman (Bowen, Champlin, Foreman & Rockecharlie, on
           brief), for appellant.

           Erin M. Kulpa, Assistant Attorney General (Kenneth T. Cuccinelli, II,
           Attorney General, on brief), for appellee.


       Tawana Simmons Terry ("appellant") appeals her convictions for distributing cocaine

(two counts), in violation of Code § 18.2-248.  On appeal, appellant contends the trial court

abused its discretion in admitting evidence of her prior bad acts.  Appellant further contends that

the evidence adduced at trial was insufficient to sustain her convictions.  For the following

reasons, we affirm.[1]

                        I.  Evidence of Other Crimes or Bad Acts

       Appellant argues that the trial court abused its discretion in admitting testimony of her prior

criminal behavior.  For the first time on appeal, appellant asserts that such testimony was

impermissible evidence of her prior bad acts and served no other purpose than to "prejudice

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

[appellant] in the eyes of the jury." However, because appellant failed to present this argument to the trial court, we will not consider it on appeal. Rule 5A:18.

Prior to trial, appellant made a motion to exclude the statements she made to Detective Kevin Wolfe ("Wolfe") following her arrest. Appellant argued that these statements were "not relevant to these proceedings," because they did not relate "to any specific time, place or person . . . ." The trial court disagreed with appellant's relevancy argument and denied her motion. Later, during Wolfe's testimony, appellant renewed her motion to exclude her post-arrest statements on relevancy grounds. Once again, the trial court denied her motion. At no point during either her motion to exclude or her objection to Wolfe's testimony did appellant argue that her statements to Wolfe were improper "other crimes" or "bad acts" evidence. Nor did appellant argue, as she does now on appeal, that the sole purpose of this evidence was to prejudice her in the eyes of the jury.

Appellant also objected to certain portions of Adrienne Berry's ("Berry") testimony concerning her prior criminal behavior. On direct, the Commonwealth asked Berry how she was introduced to appellant and her husband. In response, Berry stated that "[she] was introduced to them by [her] husband . . . and then purchased cocaine from them." Appellant objected to Berry's response, arguing that it was "not relevant." However, before the trial court could rule on the objection, appellant made a motion for a mistrial. Significantly, the trial court did not rule on either appellant's objection or her motion for a mistrial.[2] Instead, the trial court simply instructed the prosecutor to "[g]o ahead." Once again, appellant failed to argue that Berry's

---

[2] Assuming appellant had argued that Berry's testimony constituted impermissible evidence of her prior bad acts, appellant never obtained a ruling from the trial court on her objection. Where the trial court does not rule on an appellant's objection, "there is no ruling for [this Court] to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). See also Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

testimony constituted impermissible "other crimes" or "bad acts" evidence. Relevance was the only grounds upon which appellant based her objection.

As this Court has previously stated, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). See also Nelson v. Commonwealth, 50 Va. App. 413, 420-21, 650 S.E.2d 562, 566 (2007). Therefore, "'to preserve error in a ruling on evidence a party must notify the trial court of his position and the specific rule of evidence on which [the party] relies.'" Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992) (quoting Huff v. White Motor Corp., 609 F.2d 286, 290 n.2 (7th Cir. 1979)). In this case, appellant based both her objections on relevancy grounds. Not once did appellant argue that the evidence she sought to exclude constituted impermissible "other crimes" or "bad acts" evidence. Accordingly, we will not consider this argument on appeal.

## II. Sufficiency of the Evidence

Appellant further contends the evidence adduced at trial was insufficient to sustain her convictions. In regard to the first count, appellant contends that the record contains no evidence to prove she distributed or aided in the distribution of cocaine on that date. With respect to the second count, appellant contends that Berry's testimony was "unworthy of belief." We disagree with appellant on both counts.

"When considering a challenge to the sufficiency of the evidence on appeal, a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 906 (2009) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original). "Instead, we ask only 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.'" Id. at 566, 673 S.E.2d at 906-07 (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

To sustain a conviction under Code § 18.2-248 for the distribution of cocaine, the Commonwealth must prove that appellant "'possessed the controlled substance contemporaneously with [her] intention to distribute that substance.'" Dunbar v. Commonwealth, 29 Va. App. 387, 394, 512 S.E.2d 823, 826 (1999) (quoting Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991)). The Commonwealth can accomplish this objective through the use of either direct or circumstantial evidence, which "may be more compelling and persuasive than direct evidence, and it is entitled to as much weight as direct evidence when convincing." McCary v. Commonwealth, 42 Va. App. 119, 127, 590 S.E.2d 110, 115 (2003).

In this case, the evidence established that, on September 13, 2007, Berry made a controlled buy from appellant and her husband, while working as an informant for the Powhatan County Sheriff's Department. Berry met appellant and her husband at an intersection in Powhatan County and purchased forty dollars worth of cocaine from them. Though she did not see appellant handle the cocaine on that particular occasion, Berry testified that she had purchased drugs from the Terrys on numerous occasions and that appellant always hands the drugs to her husband. Following her arrest, appellant did not deny selling cocaine to Berry and, in fact, admitted that she often sold cocaine in Powhatan County. From Berry's testimony and appellant's own statements following her arrest, the jury could reasonably infer her direct involvement in the September 13 drug transaction.

With respect to the second count, the evidence in the record established that, on September 27, 2007, Berry met the Terrys at the same intersection in Powhatan County for the purposes of buying cocaine. Berry spoke with appellant directly to arrange the meeting. There, Berry observed appellant produce a baggy of cocaine and hand it to her husband, who then sold it to Berry for forty dollars. While appellant contends that Berry's testimony is "unworthy of belief," "'[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.'" Lunsford v. Commonwealth, 55 Va. App. 59, 60, 683 S.E.2d 831, 832 (2009) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995)). Furthermore, appellant's admission that she sold cocaine in Powhatan County corroborates Berry's testimony. Here, the jury found Berry's testimony to be credible, and we will not disturb that finding on appeal. Therefore, viewing the record in its entirety, and in the light most favorable to the Commonwealth,[3] we hold that the evidence adduced at trial was sufficient to sustain appellant's convictions for distributing cocaine.

Affirmed.

---

[3] "'On appeal, we construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Caison v. Commonwealth, 52 Va. App. 423, 428, 663 S.E.2d 553, 555 (2008) (quoting Zoretic v. Commonwealth, 13 Va. App. 241, 242, 409 S.E.2d 832, 833 (1991)).