COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Petty and Alston
Argued at Chesapeake, Virginia

JEFFREY D. WELLS

v.     Record No. 0611-15-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WILLIAM G. PETTY
JANUARY 26, 2016

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge Designate

Heather M. Barnes, Assistant Public Defender, for appellant.

Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Jeffrey Wells was convicted of reckless driving by speeding in violation of Code

§ 46.2-862 on April 13, 2015. On appeal, Wells argues that the trial court erred in finding him

guilty because the Commonwealth failed to present evidence to establish that the radar device

used to determine Wells's speed was properly calibrated. For the following reason, we affirm

Wells's conviction.

I. BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On May 2, 2014, Virginia State Trooper Napier was operating stationary radar on

Interstate 64.[1] He observed an SUV traveling past him at a high rate of speed. His radar

---

[1] There is no transcript of the trial. The facts are set out in two written statements of facts
and incidents of trial that were filed with the record.

indicated the speed of the car was ninety-four miles per hour. The posted speed limit at that location was sixty miles per hour. Trooper Napier stopped the SUV and identified the operator as Wells.

At trial, Trooper Napier testified that his stationary radar "was working properly" and that it displayed a speed of ninety-four miles per hour. Wells made no objection to Trooper Napier's testimony concerning the accuracy of the radar unit or the speed it displayed, and he asked no questions on cross-examination. At the conclusion of the evidence, Wells made a motion to strike the Commonwealth's evidence. He argued that there was insufficient evidence to convict him because the Commonwealth had not introduced evidence to prove that the radar had been calibrated within six months of the stop and because no calibration certificate had been presented. The trial court denied the motion.

The trial court found Wells guilty of reckless driving pursuant to Code § 46.2-862, sentenced him to sixty days in jail, imposed a fine of $1,000, and suspended his license to operate a motor vehicle for ninety days. Wells appealed.

II. ANALYSIS

Wells assigns error to the trial court's finding of guilt "because no evidence was presented to prove that the radar was properly calibrated." He argues that the court should have granted his motion to strike because the Commonwealth's failure to offer evidence that the radar had been properly set up, adjusted, and tested for accuracy rendered the evidence as a whole insufficient for a conviction. We disagree.

"When a defendant on appeal challenges the sufficiency of the evidence to sustain a conviction, we must examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it." Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008). "[W]e review 'the evidence in the light most

favorable to the Commonwealth, the prevailing party in the [trial] court' and 'accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence.'" Noakes v. Commonwealth, 280 Va. 338, 345, 699 S.E.2d 284, 288 (2010) (second alteration in original) (quoting Brown v. Commonwealth, 278 Va. 523, 527, 685 S.E.2d 43, 45 (2009)).  During such a review we determine "whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Finally, when reviewing the evidence for sufficiency, we must consider all the evidence admitted at trial, including evidence admitted erroneously.  See Jennings v. Commonwealth, 65 Va. App. 669, 681, 779 S.E.2d 864, ___ (2015) ("In appeals to the Court of Appeals or the Supreme Court, when a challenge to a conviction rests on a claim that the evidence was insufficient because the trial court improperly admitted evidence, the reviewing court shall consider all evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction." (quoting Code § 19.2-324.1)).

Here, Wells was convicted of reckless driving under Code § 46.2-862, which provides,

> A person shall be guilty of reckless driving who drives a motor vehicle on the highways in the Commonwealth (i) at a speed of twenty miles per hour or more in excess of the applicable maximum speed limit or (ii) in excess of eighty miles per hour regardless of the applicable maximum speed limit.

The only element at issue in this case is the speed at which Wells was traveling.  No particular method of determining speed is required by Code § 46.2-862.  To that end, Code § 46.2-882 provides several methods by which the Commonwealth may prove the speed of a motor vehicle. In relevant part, Code § 46.2-882 states that "[t]he speed of any motor vehicle may be determined by the use of . . . (ii) radar," and "[t]he results of such determinations shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal

proceeding where the speed of the motor vehicle is at issue." The statute further establishes a

hearsay exception regarding the admissibility of evidence that the radar unit was calibrated and

working properly.

> In any court or legal proceeding *in which any question arises* about the calibration or accuracy of any . . . radar . . . used to determine the speed of any motor vehicle, a certificate, or a true copy thereof, showing the calibration or accuracy of (i) the speedometer of any vehicle, (ii) any tuning fork employed in calibrating or testing the radar . . . or (iii) any other method employed in calibrating or testing any laser speed determination device, and when and by whom the calibration was made, shall be admissible as evidence of the facts therein stated. No calibration or testing of such device shall be valid for longer than six months.

Id. (emphasis added).

Despite having raised no objection as to either the accuracy or the admissibility of the

radar unit measurement, Wells nevertheless argues that the Commonwealth's evidence could not

constitute sufficient evidence to convict because there was no testimony that the radar unit was

properly set up, adjusted, or that it had been recently tested for accuracy. The fallacy of this

argument, however, is that it assumes that accuracy of the radar unit is an element of the offense,

as opposed to a prerequisite for the admission into evidence of its speed measurement.

"The admissibility of evidence and the sufficiency of evidence are distinct issues."

Banks v. Mario Indus., 274 Va. 438, 455, 650 S.E.2d 687, 696 (2007). "For any type of

evidence to be *admissible*, its offeror need only prove that it is 'material—tending to prove a

matter . . . properly at issue in the case—and relevant.'" Crawley v. Commonwealth, 29

Va. App. 372, 377, 512 S.E.2d 169, 172 (1999) (alteration in original) (quoting Johnson v.

Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986)). "When scientific evidence

is offered, the court must make a threshold finding of fact with respect to the reliability of the

scientific method offered" before the result can be deemed relevant and admitted into evidence.

Spencer v. Commonwealth, 240 Va. 78, 97, 393 S.E.2d 609, 621 (1990). However, "once the [radar reading] is admitted into evidence, its weight is a matter for the jury to determine." Tipton v. Commonwealth, 224 Va. 256, 261, 295 S.E.2d 880, 883 (1982).

In contrast, "[t]he standard for judging the *sufficiency* of evidence to prove identity or any other key fact in a criminal case is much higher—the Commonwealth must prove that fact beyond a reasonable doubt." Crawley, 29 Va. App. at 377-78, 512 S.E.2d at 172. When we consider the admissibility of the evidence we consider each piece of evidence individually, but "when we consider the sufficiency of the evidence we do not consider each piece of evidence in isolation. Instead, we review the totality of the evidence to determine whether it was sufficient to prove an offense." Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007).

It therefore "follows that objections to the admissibility of evidence and the sufficiency of evidence are also distinguishable." Banks, 274 Va. at 455, 650 S.E.2d at 696. Specifically,

> [a]n objection to the admissibility of evidence must be made when the evidence is presented. The objection comes too late if the objecting party remains silent during its presentation and brings the matter to the court's attention by a motion to strike made after the opposing party has rested.

Kondaurov v. Kerdasha, 271 Va. 646, 655, 629 S.E.2d 181, 185 (2006); see also Burns v. Bd. of Supervisors, 227 Va. 354, 363, 315 S.E.2d 856, 862 (1984) (holding that the appellant's "silence . . . amounts to a waiver of its hearsay objection," and therefore the trial court did not err when it admitted the testimony). Moreover, any evidence presented without objection will be deemed to be properly before the trial court. See Gregory v. Commonwealth, 22 Va. App. 100, 111, 468 S.E.2d 117, 122-23 (1996) (holding that because the appellant failed to object when the statement at issue was presented at trial the statement was properly before the trial court).

An objection to the sufficiency of the evidence, on the other hand, "is properly made by a motion to strike, rather than when the evidence is first offered. Obviously, the objecting party cannot be sure, nor can the court decide, until the offering party has rested, whether the various fragments of evidence have added up to a justiciable whole." Kondaurov, 271 Va. at 655, 629 S.E.2d at 185 (citation omitted). Under well-settled principles:

> When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor and should grant the motion only when it is conclusively apparent that plaintiff has proven no cause of action against defendant, or when it plainly appears that the trial court would be compelled to set aside any verdict found for the plaintiff as being without evidence to support it.

Banks, 274 Va. at 454-55, 650 S.E.2d at 696 (quoting Saks Fifth Ave., Inc. v. James, Ltd., 272 Va. 177, 188, 630 S.E.2d 304, 311 (2006)). And "[w]hen determining the sufficiency of the evidence, we consider all admitted evidence, including the evidence appellant here asserts was inadmissible." Lunsford v. Commonwealth, 55 Va. App. 59, 62, 683 S.E.2d 831, 833 (2009); see Code § 19.2-324.1 (stating in relevant part, "In appeals . . . , when a challenge to a conviction rests on a claim that the evidence was insufficient because the trial court improperly admitted evidence, the reviewing court shall consider all evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction").

Although the radar reading was admitted into evidence without objection, Wells relies upon Royals v. Commonwealth, 198 Va. 876, 96 S.E.2d 812 (1957), and Gray v. Commonwealth, 18 Va. App. 663, 446 S.E.2d 480 (1994), to argue that the Commonwealth did not meet its burden of proving that the radar device had been properly set up and tested. His argument, however, ignores that under the facts of Royals and Gray, the appellants made objections to the admissibility of the radar evidence, something Wells failed to do.

In Royals, the appellant's final assignment of error was "that the evidence of the reading of the speedmeter of the radar machine was *inadmissible* against him because the Commonwealth failed to prove that the machine was properly set up and tested." Royals, 198 Va. at 879, 96 S.E.2d at 814 (emphasis added). At trial, Royals had both objected to the introduction of the trooper's testimony, and cross-examined the trooper on his methods of testing the machine. Id. at 880, 96 S.E.2d at 814-15. In Gray, the appellant argued that under Code § 46.2-882 "the Commonwealth was required to prove the accuracy of both" tests performed by the trooper and that "the lack of a 'true copy' of the tuning fork accuracy certificate prevented the Commonwealth from meeting that burden." 18 Va. App. at 665, 446 S.E.2d at 482. At trial Gray had objected to both "the introduction of the calibration certificate on the ground that it was not a true copy of the original," as well as "to the introduction of the evidence of the radar device's use" by the trooper to measure Gray's speed. Id. at 644-65, 446 S.E.2d at 481. This trend is followed in numerous other cases that cite to Royals. See Biesser v. Holland, 208 Va. 167, 168, 156 S.E.2d 792, 793 (1967) ("The defendant objected to all testimony of the officer on the ground that it was hearsay."); Untiedt v. Commonwealth, 18 Va. App. 836, 838, 447 S.E.2d 537, 538 (1994) ("Untiedt objected to the photocopy's admission . . . ."); cf. Farmer v. Commonwealth, 205 Va. 609, 610, 139 S.E.2d 40, 41 (1964) (stating that the facts of the case were presented on appeal in an agreed statement of facts, which "lack[ed] some of the desired details pertinent to the questions presented," but indicated that Farmer had at least cross-examined the trooper on his testimony).

Simply put, under the facts of the above recited case law and Code § 46.2-882, the question of calibration under Code § 46.2-882 must be addressed within the context of an objection to admissibility, not in the context of a motion to strike. Specifically, Code § 46.2-882 by its express terms only addresses presentation of a calibration certificate, "[i]n any court or

legal proceeding *in which any question arises* about the calibration or accuracy of any . . . radar . . . used to determine the speed of any motor vehicle." (Emphasis added).[2] While Wells "couches [the radar unit's accuracy] as a challenge to the sufficiency of the evidence, it presents only a question regarding the admissibility of [the radar reading], which was waived because the objection was not timely raised during the trial." Bitar v. Rahman, 272 Va. 130, 140, 630 S.E.2d 319, 325 (2006).

By waiting to raise the issue of the radar system calibration until his motion to strike, Wells ultimately failed to properly preserve an objection to the admissibility of Trooper Napier's testimony. See Kondaurov, 271 Va. at 655, 629 S.E.2d at 185 ("An objection to the admissibility of evidence must be made when the evidence is presented. The objection comes too late if the objecting party remains silent during its presentation and brings the matter to the court's attention by a motion to strike made after the opposing party has rested."). Rule 5A:18[3] requires an appellant to "challenge the admissibility of the evidence in the trial court to preserve his argument on appeal." Arrington v. Commonwealth, 53 Va. App. 635, 641, 674 S.E.2d 554,

---

[2] On brief, Wells argues that failure to require the Commonwealth to affirmatively prove the accuracy of the radar unit would impermissibly shift to him the burden of proving it was not accurate. This argument fails to recognize that the only burden placed on Wells was that imposed by Rule 5A:18; he was required to make a timely objection to the introduction of the evidence. The burden of proving, by otherwise admissible evidence, that the radar unit was properly calibrated and accurate remained on the Commonwealth once a proper objection was made.

[3] Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted).

557 (2009).  And "[b]y failing to object to the evidence . . . [an appellant] deprives the trial court of the opportunity to consider the admissibility of the evidence, thus waiving his argument on appeal."  Id. at 642, 674 S.E.2d at 557.  Wells has therefore waived under Rule 5A:18 any argument pertaining to the admissibility of that evidence.

"When determining the sufficiency of the evidence, we consider all admitted evidence, including the evidence appellant here asserts was inadmissible."  Lunsford, 55 Va. App. at 62, 683 S.E.2d at 833.  We therefore consider all of Trooper Napier's testimony when determining sufficiency, including his testimony that the radar recorded Wells's speed as ninety-four miles per hour and that the radar was "working properly."  This evidence was sufficient for the trial court to find Wells guilty.

III.  CONCLUSION

For the foregoing reason, we hold that the trial court did not err when it found Wells guilty of reckless driving.  We therefore affirm Wells's conviction.

Affirmed.