COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, Russell and Senior Judge Felton
Argued at Norfolk, Virginia

UNPUBLISHED

BRIONNE ALEXANDER COVIL

MEMORANDUM OPINION[*] BY
v.      Record No. 2268-14-1            JUDGE WALTER S. FELTON, JR.
                                        MAY 17, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie A. Taylor Arrington, Judge

Andrew M. Sacks (Stanley E. Sacks; Sacks & Sacks, P.C., on briefs),
for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Brionne Alexander Covil, appellant, appeals his convictions of the distribution of cocaine,

third or subsequent offense, and the distribution of heroin, third or subsequent offense. He contends

the trial court abused its discretion in admitting into evidence two prior conviction orders for drug

related charges "on the grounds that those orders did not properly establish such prior predicate

convictions." For the following reasons, we affirm the decision of the trial court.

BACKGROUND

Appellant was charged with two counts of a third or subsequent offense under Code

§ 18.2-248(C). At trial, the Commonwealth introduced several documents as proof of appellant's

prior convictions. The Commonwealth introduced a conviction and sentencing order from the

City of Portsmouth, entered June 21, 2012, which provided that appellant pled not guilty to the

charge of "PWID Cocaine" and that he pled guilty to "PWID Accommodation." The

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

accommodation provision of Code § 18.2-248 is addressed in Code § 18.2-248(D). Under the heading "OFFENSE DESCRIPTION AND INDICATOR (F/M)," the June 21, 2012 order contains "PWID ACCOMMODATION (F)" and cites Code § "18.2-248." Appellant objected to the admission of this conviction order as a predicate offense, arguing that a conviction for a violation of Code § 18.2-248(D) is not a prior conviction for violating Code § 18.2-248(C).

The Commonwealth also introduced into evidence a conviction and sentencing order from the City of Portsmouth, entered October 22, 2012. The order stated "the defendant was arraigned, and . . . entered his Guilty plea to PWID Cocaine as charged in the indictment . . . ." The order further provided that the trial court found appellant "guilty of the following offenses:"

> OFFENSE DESCRIPTION AND
> INDICATOR (F/M)
>
> PWID COCAINE (F)
> VCCNAR3043F9

Under the heading "VA CODE SECTION," the October 22, 2012 order recited Code § "18.2-250," the statute prohibiting the possession of a controlled substance. Possession with intent to distribute cocaine is a violation of Code § 18.2-248.

The Commonwealth also introduced the grand jury indictment for this charge which provided that appellant "did manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute" cocaine, citing Code § 18.2-248 and §§ 54.1-3446 through 54.1-3452.

Appellant objected to the admission of the October 22, 2012 order as a predicate offense, arguing that the order reflected that he was convicted of simple possession of cocaine in violation of Code § 18.2-250 rather than possession with intent to distribute cocaine in violation of Code § 18.2-248.

The trial court overruled appellant's objections to the admission of the prior conviction orders and admitted both orders into evidence. The trial court ruled that the June 21, 2012 conviction order for an accommodation distribution was admissible "because under [Code § 18.2-]248 it suffices to trigger the enhanced punishment [of] Code [§] 18.2-248(C)." The trial court ruled that the October 22, 2012 conviction "clearly" contained a scrivener's error as to the statutory designation of Code § 18.2-250. The trial court admitted the orders as part of the proof of the predicate convictions for violations of possession with intent to distribute cocaine.

ANALYSIS

At the outset, we note that, although appellant challenges the admission of the orders for the reason that the orders were insufficient to establish the prior convictions, he assigned error only to the trial court's decision to admit the prior orders. He did not assign error to the jury's ultimate conclusion that all of the evidence sufficiently established the two predicate convictions.

This is significant because "[t]he admissibility of evidence and the sufficiency of evidence are distinct issues." Wells v. Commonwealth, 65 Va. App. 722, 728, 781 S.E.2d 362, 365 (2016) (quoting Banks v. Mario Indus., 274 Va. 438, 455, 650 S.E.2d 687, 696 (2007)). "It therefore 'follows that objections to the admissibility of evidence and the sufficiency of evidence are also distinguishable.'" Id. at 729, 781 S.E.2d at 365 (quoting Banks, 274 Va. at 455, 650 S.E.2d at 696). Given the assignment of error, our review is limited to whether the trial court abused its discretion in admitting the orders into evidence.

> "'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Bell v. Commonwealth, 49 Va. App. 570, 576, 643 S.E.2d 497, 500 (2007) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). "This standard, if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005) (quoting Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 754

- 3 -

> (1982)). "The proponent of the evidence bears the burden of establishing[,] by a preponderance of the evidence, the facts necessary to support its admissibility." Id.

Perry v. Commonwealth, 61 Va. App. 502, 509, 737 S.E.2d 922, 926 (2013).

Here, there is no dispute that the orders offered by the Commonwealth were properly authenticated copies of court orders. Thus, if material and relevant, the orders were admissible pursuant to Code § 8.01-389(A), which provides, in pertinent part, that "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are certified by the clerk of the court where preserved to be a true record." See also Va. R. Evid. 2:803(8) and 2:902(1).

Evidence is material if it "tend[s] to prove a matter . . . properly at issue in the case . . . ." Wells, 65 Va. App. at 728, 781 S.E.2d at 365 (quoting Crawley v. Commonwealth, 29 Va. App. 372, 377, 512 S.E.2d 169, 172 (1999)). "Evidence is relevant if it has any logical tendency to prove an issue in a case." Avent v. Commonwealth, 279 Va. 175, 198, 688 S.E.2d 244, 257 (2010) (quoting John Crane, Inc. v. Jones, 274 Va. 581, 590, 650 S.E.2d 851, 855 (2007)).

The orders are material and relevant to the question of whether or not appellant had two prior convictions for violations of Code § 18.2-248. Each of the orders references that appellant previously had been convicted of violating Code § 18.2-248. The fact that one order also noted that he had been sentenced under the accommodation provision of Code § 18.2-248(D) and the other order contained a discrepancy that he argues suggests that he actually was convicted of simple possession pursuant to Code § 18.2-250, does not change the fact that the orders had a *tendency* to prove that appellant had the requisite prior convictions.

In essence, appellant argues that the orders cannot be material or relevant because they did not, in and of themselves, sufficiently establish the ultimate issue of the prior convictions. There simply is no requirement that any single piece of evidence establish the ultimate issue in

- 4 -

order to be admissible. As has been noted regarding circumstantial evidence, "while no single piece of evidence may be sufficient [to establish the ultimate issue], the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Juniper v. Commonwealth, 271 Va. 362, 416, 626 S.E.2d 383, 418 (2006) (internal quotation marks and citations omitted). This concept applies with equal force to discrete pieces of direct evidence. Thus, "[w]hen we consider the admissibility of the evidence we consider each piece of evidence individually," Wells, 65 Va. App. at 728, 781 S.E.2d at 365, without regard for whether that piece of evidence, whether alone or in conjunction with other evidence, establishes the ultimate issue.[1]

Although we recognize that the Commonwealth must prove every element of the offense charged beyond a reasonable doubt, Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005), the issue raised in this appeal is whether the trial court abused its discretion in admitting the prior conviction orders, not the weight to be given the orders or whether the orders, in and of themselves, sufficiently proved the prior convictions. Because our review is limited to the question of the admissibility of the orders and the orders unquestionably provide at least some proof of the prior convictions, we cannot say that the trial court abused its discretion in admitting the orders.

CONCLUSION

Accordingly, we affirm appellant's convictions and resulting sentences.

Affirmed.

---

[1] This stands in stark contrast to how we review a challenge to the sufficiency of the evidence. "[W]hen we consider the sufficiency of the evidence we do not consider each piece of evidence in isolation. Instead, we review the totality of the evidence to determine whether it was sufficient to prove an offense." Wells, 65 Va. App. at 728-29, 781 S.E.2d at 365 (quoting Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007)).