COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Petty and Beales
Argued at Richmond, Virginia

DERMONT TRAVON SIMS

MEMORANDUM OPINION* BY
v.      Record No. 0638-16-2            JUDGE WILLIAM G. PETTY
                                        MAY 16, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

Dannie R. Sutton, Jr. (McDonald, Sutton & DuVal, PLC, on brief),
for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Dermont Travon Sims was convicted of burglary of a building with the intent to commit

a felony in violation of Code § 18.2-91, petit larceny in violation of Code § 18.2-96, and

possession of burglary tools in violation of Code § 18.2-94.  On appeal, Sims argues that the

evidence was insufficient to convict him of those crimes.  We disagree and affirm the judgment

of the trial court.

I. BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom."  Wells v. Commonwealth, 65

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 722, 725, 781 S.E.2d 362, 364 (2016) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

In the early morning hours of April 20, 2015, the owner of Jim and Glenn's Auto Service discovered that the bottom portion of glass had been dislodged from the rear door of the business. The owner went inside and found the doors pried open on a red supply cabinet. State inspection stickers were missing from the cabinet. A few hours after the break-in, at approximately 5:30 a.m., an Henrico County police officer was investigating a suspicious van parked near some dumpsters approximately two miles from Jim and Glenn's Auto Service. The officer shined his spotlight on the van, and Sims sat up in the driver's seat. The officer identified himself as a police officer. Sims and another person then got out of the van and fled. The officer detained a third occupant who was in the back of the van. From his position outside the van, the officer observed some state inspection stickers in the console area between the two front seats of the van.

Sims later returned on foot to the van, which was still parked near the dumpsters. Sims told a police officer that the van was his and asked that it not be towed. When a detective asked Sims if the items inside the van belonged to him, Sims replied that they did. Although Sims was not the registered owner of the van, Sims told the detective, "I'm here to pick up my van. I have a lot of my stuff in my van and it's my company's van, but I'm, it is pretty much mine, because I drive it all the time."

The detective subsequently searched the van and seized various items, including a heavily dented aluminum baseball bat, an oversized screwdriver, and state inspection stickers from Jim and Glenn's Auto Service. The state inspection stickers from Jim and Glenn's Auto Service were found in a black backpack that was lying in the console area between the front seats of the van. Inspection stickers from places other than Jim and Glenn's Auto Service were found

- 2 -

scattered throughout the van, and include those stickers in plain view of the officer who saw

Sims running from the van. Sims's social security card and other forms of identification were

found in the van along with Sims's wallet, his jewelry, and some of his clothing.

## II. STANDARD OF REVIEW

When considering the sufficiency of the evidence presented below, "we presume the

judgment of the trial court to be correct." Davis v. Commonwealth, 39 Va. App. 96, 99, 570

S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94

(1992)). Indeed, "[i]n our review of the sufficiency of the evidence, we must affirm the

conviction unless the trial court was plainly wrong or the conviction lacked evidence to support

it." Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015); see also

Code § 8.01-680.

Furthermore, we will not "substitute our judgment for that of the trier of fact." Beshah v.

Commonwealth, 60 Va. App. 161, 168, 725 S.E.2d 144, 147 (2012) (quoting Wactor v.

Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). Instead, we ask "whether,

after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." Id. (emphasis

added) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

## III. ANALYSIS

### A. PETIT LARCENY

Sims argues that because he was not in exclusive possession of the stolen inspection

stickers, the evidence was insufficient to convict him of petit larceny.[1] We disagree.

---

[1] Petit larceny is the larceny of goods valued at less than two hundred dollars. Code
§ 18.2-96.

Once the larceny is established, "the unexplained possession of recently stolen goods permits an inference of larceny by the possessor" and "throws upon the accused the burden of accounting for that possession." Burton v. Commonwealth, 58 Va. App. 274, 284, 708 S.E.2d 444, 449 (2011) (citations omitted); see also Wright v. Commonwealth, 2 Va. App. 743, 748, 348 S.E.2d 9, 13 (1986) (holding that stolen goods found in the possession of a defendant one month after the goods were discovered missing was "sufficiently brief to be construed as recent possession" under the petit larceny statute). "Standing alone, [the] larceny inference is sufficient to support a finding of guilt." Burton, 58 Va. App. at 284, 708 S.E.2d at 449.

"For the larceny inference to arise, the Commonwealth must establish that the accused was in exclusive possession of recently stolen property." Montague v. Commonwealth, 40 Va. App. 430, 437, 579 S.E.2d 667, 670 (2003). Exclusive possession is not limited to sole possession. Rather, "[o]ne can be in exclusive possession of an item when [one] jointly possesses it with another. The evidence must reveal, however, that the accused was consciously asserting at least a possessory interest in the stolen property or was exercising dominion over the stolen property." Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981).

Furthermore, although proximity to an item is insufficient, by itself, to establish possession, it is a factor that may be considered in determining possession. Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997; Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). Likewise, ownership or occupancy of a vehicle in which items are found is a circumstance that may be considered, along with other evidence, to determine possession. Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

Although the larceny inference alone may support a larceny conviction, the evidence may be sufficient, apart from the inference, to support a conviction. Nelson v. Commonwealth, 12

Va. App. 268, 271, 403 S.E.2d 384, 386 (1991).  Furthermore, "[b]ecause larceny is a continuing offense, anyone who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny."  Hampton v. Commonwealth, 32 Va. App. 644, 650-51, 529 S.E.2d 843, 846 (2000).

Here, the officer found Sims in the driver's seat of the van.  Occupancy of the van that contained stolen inspection stickers is a factor the court could consider in determining whether Sims possessed the inspection stickers.  See Lane, 223 Va. at 716, 292 S.E.2d at 360.  Although Sims was never specifically asked if the backpack or the inspection stickers were his, he acknowledged that the items inside the van belonged to him.  Thus, the trial court could reasonably infer that Sims was consciously asserting at least a possessory interest in the backpack and the inspection stickers as items within the van.  See Best, 222 Va. at 389, 282 S.E.2d at 17.  Moreover, the backpack containing the stolen inspection stickers was in the console area of the van between the two front seats, in close proximity to Sims in the driver's seat.  See Archer, 26 Va. App. at 12, 492 S.E.2d at 832.

Furthermore, the trial court could reasonably infer that Sims, who drove the van "all the time" transported the stolen inspection stickers to an area approximately two miles away from Jim and Glenn's Auto Service.  Thus, Sims exercised dominion over the stolen inspection stickers by his proximity to the stickers from his position in the driver's seat of the van and by transporting the stolen stickers approximately two miles.  Also, Sims offered no explanation of his possession of the stolen inspection stickers.

It is undisputed that a larceny of state inspection stickers occurred.  Because Sims asserted a possessory interest in or exercised dominion over the stolen inspection stickers, his unexplained possession of the stickers within hours of the break-in at Jim and Glenn's Auto

Service gives rise to the larceny inference. See Montague, 40 Va. App. at 437, 579 S.E.2d at 670; see also Wright, 2 Va. App. at 748, 348 S.E.2d at 13.

The larceny inference alone was sufficient to convict Sims of petit larceny. See Montague, 40 Va. App. at 437, 579 S.E.2d at 670. However, even without the larceny inference, there was sufficient evidence for the trial court to convict Sims of petit larceny. There were state inspection stickers in the console area in plain view and inspection stickers scattered throughout the van. Considering the police officer had no difficulty seeing the stickers from his position outside the van, Sims, sitting in the driver's seat, could not have failed to notice these stickers. Given Sims's obvious knowledge of the inspection stickers in plain view, the trial court could reasonably infer that Sims was also aware of the presence and character of the stolen inspection stickers from Jim and Glenn's Auto Service that were in the backpack; a backpack that was also in the console area within inches of the inspection stickers in plain view. Also, as noted above, the trial court could infer that Sims, who drove the van "all the time," drove it approximately two miles from Jim and Glenn's Auto Service to the area where police found the van parked a few hours after the break-in, thus transporting the inspection stickers with knowledge that they were stolen. See Hampton, 32 Va. App. at 650-51, 529 S.E.2d at 846.

Finally, Sims ran away when police first approached the van. See Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 833-34 (1990) (*en banc*) ("[E]vidence of flight may be considered as evidence of guilt along with other pertinent facts and circumstances. The flight need not immediately follow the commission of the crime since the defendant may be suspected and become aware of the suspicion at a later date." (citation omitted)).

Therefore, considering all the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to convict Sims of petit larceny.

B. POSSESSION OF BURGLARY TOOLS

Sims argues that items recovered from the van were "work" tools and because there was no evidence connecting those tools to the break-in, the evidence was insufficient to convict him of possession of burglary tools. We disagree.

Code § 18.2-94 states, in pertinent part, that any person who has "in his possession any tools, implements or outfit, with intent to commit burglary, robbery, or larceny . . . shall be guilty of a Class 5 felony." Even objects possessed for a legitimate purpose and which are not innately burglarious may be burglarious under Code § 18.2-94 if possessed with the intent to use those objects to commit a burglary. Moss v. Commonwealth, 29 Va. App. 1, 3, 509 S.E.2d 510, 511 (1999). Criminal intent may be shown by circumstantial evidence. Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).

To support a conviction of possession of burglary tools based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control." Hagy v. Commonwealth, 35 Va. App. 152, 158-59, 543 S.E.2d 614, 617 (2001) (alteration in original) (quoting McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987)).

Furthermore, like possession of stolen goods, possession of burglary tools may be joint or several. Owens v. Commonwealth, 54 Va. App. 99, 102-03, 675 S.E.2d 879, 880 (2009). Joint possession of burglary tools requires that each person have the power of control and the intent "to exercise control jointly." Burnette v. Commonwealth, 194 Va. 785, 792, 75 S.E.2d 482, 487 (1953).

Here, Sims described the van as his "work" van that he drove "all the time." He was found sitting in the driver's seat of his work van parked approximately two miles from Jim and

Glenn's Auto Service where a break-in and theft had occurred a few hours earlier. That break-in and theft were facilitated by an object used to dislodge the glass in a rear door and by an object used to pry open a supply cabinet. Sims was found in his work van with a heavily dented aluminum baseball bat and an oversized, rusted screwdriver. See Hagy, 35 Va. App. at 161, 543 S.E.2d at 618 (noting that screwdrivers were part of an array of tools that could be used as prying instruments or to force open structures). As the one who drove the van "all the time," Sims would have an awareness of the nature and presence of items in the van. Also, as noted above, Sims fled when first approached by police. See Hope, 10 Va. App. at 386, 392 S.E.2d at 833-34.

A rational fact finder could conclude that Sims had an awareness of the character and presence of the baseball bat and the screwdriver in the van and that Sims had dominion and control over those items. See Hagy, 35 Va. App. at 158-59, 543 S.E.2d at 617. The trial court could also have reasonably concluded that the baseball bat was used to dislodge the glass in the rear door of Jim and Glenn's Auto Service and that the oversized screwdriver was used to pry open the supply cabinet within, thus proving Sims's criminal intent by actual use of the tools to effect the burglary and the concurrent theft of the inspection stickers.

Therefore, considering all the evidence in the light most favorable to the Commonwealth, we cannot say that Sims's conviction of possession of burglary tools was plainly wrong or without evidence to support it.

## C. BURGLARY OF A BUILDING

Sims argues that because there was no evidence connecting him to the backpack containing the stolen inspection stickers or to any other items recovered from the van, there was insufficient evidence to convict him of burglary[2] of Jim and Glenn's Auto Service. We disagree.

---

[2] Anyone who enters a building at night or in the daytime breaks and enters a building with the intent to commit larceny is guilty of statutory burglary. See Code §§ 18.2-90, -91.

"[U]pon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time and by the same person and as part of the same transaction," the exclusive unexplained "possession of the stolen goods shortly thereafter" gives rise "to an inference that the possessor is guilty of the breaking and entering . . . ." Lunsford v. Commonwealth, 55 Va. App. 59, 63, 683 S.E.2d 831, 834 (2009) (citation omitted) (quoting Cannady v. Commonwealth, 210 Va. 533, 535, 172 S.E.2d 780, 781 (1970)). "Guilt of breaking and entering may be established by circumstantial evidence; eyewitnesses are not required." Hope, 10 Va. App. at 385, 392 S.E.2d at 833.

Here, it is undisputed that Jim and Glenn's Auto Service was broken into and state inspection stickers removed from a supply cabinet located within. The evidence supports an inference that both the breaking and entering and the theft were committed at the same time, by the same person, and as part of the same criminal enterprise. Thus, Sims's exclusive unexplained possession of the stolen inspection stickers within hours of the break-in gives rise to the inference that Sims was also guilty of the breaking and entering. See Lunsford, 55 Va. App. at 63, 683 S.E.2d at 834.

However, even if the inference does not arise, there was sufficient circumstantial evidence to convict Sims of the burglary. Within a few hours of the break-in Sims was found in possession of a heavily dented aluminum baseball bat and an oversized screwdriver that the trial court could infer were used in the burglary. Also, a few hours after the burglary, Sims was found in the driver's seat of a work van that he "drove all the time," with inspection stickers stolen from Jim and Glenn's Auto Service within arm's reach. Finally, as noted above, Sims fled when police first approached the van.

IV. CONCLUSION

Because we find there was sufficient evidence to convict Sims of burglary of a building,

petit larceny, and possession of burglary tools, we affirm the trial court.

Affirmed.